UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES ARCHAMBEAULT et al., | |
| Plaintiffs, | Case No. 3:20-cv-01044 |
| v. | Judge Aleta A. Trauger |
| | Magistrate Judge Alistair E. Newbern |
| WYNDHAM VACATION OWNERSHIP, INC., et al., | |
| Defendants. | |

## MEMORANDUM ORDER

Defendants Wyndham Vacation Ownership, Inc., and Wyndham Vacation Resorts, Inc.'s (the Wyndham Defendants) have moved to compel nonparty Mortgage Wellness Solutions, LLC (MWS), to comply with a subpoena to produce documents. (Doc. No. 38.) MWS has been administratively dissolved as a corporate entity, but former Chief Executive Member Charles Simerka has responded in opposition to the Wyndham Defendants' motion to compel. (Doc. No. 49.) The Wyndham Defendants have filed a reply (Doc. No. 51). For the reasons that follow, the Wyndham Defendants' motion to compel will be granted.

## I.     Relevant Background

This action arises out of the Wyndham Defendants' sale of timeshare interests to Plaintiffs James and Julie Archambeault. (Doc. No. 1.) On December 2, 2021, counsel for the Wyndham Defendants issued a subpoena directing MWS to produce records related to the Archambeaults and this action and deliver them to the Wyndham Defendants' counsel's office in Nashville. (Doc. No. 38-1.) A professional process server delivered a copy of the subpoena to

MWS's registered agent, Northwest Registered Agent, Inc., on the same day. (Doc. No. 38-2.) MWS did not produce the requested documents and did not respond to the subpoena.

The Wyndham Defendants filed a motion to compel MWS to comply with the subpoena and a petition for an order to show cause why MWS should not be held in contempt. (Doc. No. 38.) They argue that an order compelling production of the subpoenaed documents is warranted because MWS was served with a valid subpoena, did not object to the subpoena within the time allowed by the Federal Rules of Civil Procedure, and did not comply with the subpoena's command to produce documents. (Doc. No. 39.) The Court referred the motion to compel to the Magistrate Judge for disposition. (Doc. No. 40.)

The Magistrate Judge initially set the motion to compel for a hearing but cancelled the hearing after determining that the Wyndham Defendants had not served the motion on MWS. (Doc. No. 45.) The Magistrate Judge ordered the Wyndham Defendants to serve copies of their motion to compel, supporting memorandum, and two of the Court's orders on MWS and to notify the Court when service was made. (*Id.*) The Magistrate Judge ordered MWS to file any response in opposition to the motion to compel within fourteen days of being served with it. (*Id.*) The Wyndham Defendants filed a certificate of service stating that they served copies of the required documents on MWS's registered agent via overnight delivery on February 25, 2022. (Doc. No. 46.) MWS did not respond to the motion to compel before the court-ordered deadline.

The Court then ordered MWS to show cause why the Court should not grant the Wyndham Defendants' motion to compel as unopposed. (Doc. No. 48.) The Court directed the Clerk of Court to mail a copy of the order to show cause to MWS's registered agent. (*Id.*) Simerka, who is represented by counsel, complied with the Court's show-cause order by filing a response in opposition to the Wyndham Defendants' motion to compel and an unsworn declaration. (Doc.

2

Nos. 49, 49-1.) Simerka argues that he has the right to respond on MWS's behalf under Tennessee Code Annotated § 48-249-622 and that the Court should deny the Wyndham Defendants' motion to compel because neither he nor MWS ever received a copy of the subpoena, because MWS is now defunct, and because MWS already provided the Wyndham Defendants with its records for Wyndham clients in prior litigation. (Doc. No. 49.) Simerka further asks the Court to quash the subpoena because "the company is no longer in business, has no money to pay anyone to answer the subpoena, and . . . no longer has any records being sought." (*Id.* at PageID# 238.)

The Wyndham Defendants argue in reply that Simerka does not have standing to challenge the subpoena and the subpoena was validly served on MWS's registered agent for service of process. (Doc. No. 51.) The Wyndham Defendants further argue that "MWS should be made to comply and produce the requested documents" and, "[i]f MWS does not have the information and documents requested . . . , it should be required to provide a verified declaration stating as much." (*Id.* at PageID# 268.)

## II.       Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that parties may generally "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery may be obtained from nonparties, including through the use of a subpoena to produce documents under Rule 45.

Rule 45(a) provides that a clerk of court or an authorized attorney may issue and sign a subpoena directed to a person who is not a party to a lawsuit commanding the person to produce documents, electronically stored information, or tangible things in the person's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)–(3). "Any person who is at least 18 years old and not a party may serve a subpoena" by "delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). A person commanded to produce documents may serve written objections on the party

or attorney designated in the subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "If an objection is made," the party serving the subpoena may, "[a]t any time, on notice to the commanded person, . . . move the court for the district where compliance is required for an order compelling production . . . ." Fed. R. Civ. P. 45(d)(2)(B)(i).

Rule 37(a)(1) provides that "a party may move for an order compelling . . . discovery[,]" including an order compelling discovery from a nonparty. Fed. R. Civ. P. 37(a)(1); *see also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to [compel discovery from] a nonparty must be made in the court where the discovery is or will be taken."); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468 (6th Cir. 2006) (holding that "the Federal Rules provide that a motion to compel discovery or disclosure by a nonparty must be made to the court in the district where the discovery is being taken").

Rule 45(g) provides that "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

## III.      Analysis

Simerka's declaration and attachments provide additional details regarding the dissolution of MWS, the Wyndham Defendants' attempts to obtain the requested records without a subpoena, and issuance and service of the subpoena on MWS's registered agent. Simerka states that MWS previously entered "into a permanent injunction" with the Wyndham Defendants "to cease all timeshare exit operations and to not ever offer its services of any kind to any Wyndham owner ever again . . . ."[1] (Doc. No. 49-1, PageID# 240, ¶ 3.) Simerka states that he was the Chief

---

[1]      Neither the Wyndham Defendants nor Simerka has explained exactly what services MWS offered. The subpoena at issue characterizes MWS as a "timeshare relief business," which

Executive Member of MWS from 2014 until the company ceased operations on January 19, 2021, and that MWS was administratively dissolved on August 11, 2021. (Doc. No. 49-1.)

Simerka has attached emails to his declaration showing that counsel for the Wyndham Defendants contacted his former counsel, Greg Oakley, in November 2021 and asked Oakley to "please ask [Simerka] if he will search for and provide whatever [MWS] records exist for" the Archambeaults and two other couples identified as Wyndham timeshare owners. (*Id.* at PageID# 259.) Oakley responded that "Simerka already provided Wyndham with all of his records for Wyndham clients. [MWS is] no longer in business and ha[s]n't retained any records that haven't already been provided." (*Id.* at PageID# 258.) When counsel for the Wyndham Defendants asked Oakley to "confirm with [ ]Simerka that he does/does not have these records," Oakley stated that he "ha[d] passed [the] message on and w[ould] let [her] know." (*Id.* at PageID# 257.) Oakley did not convey a response from Simerka regarding the requested records and did not respond to a follow-up email from the Wyndham Defendants' counsel. Instead, after counsel for the Wyndham Defendants informed him that she had issued a subpoena for the requested documents, Oakley responded that he had not been retained by Simerka or MWS to represent them in connection with the subpoena. (Doc. No. 49-1.)

Simerka states that "Northwest Registered Agent Service" was MWS's "former registered agent" for service of process, but Simerka "did not pay for [the] registered agent company to provide services in 2021" and "Northwest Registered Agent Service . . . has not been [MWS's]

---

"purports to counsel or assist any person that owes contractual or legal obligations to a timeshare company (including, without limitation, one or more of the Wyndham Defendants) regarding renting their timeshare, modifying or terminating such contractual or legal obligations, or otherwise recovering money paid to a timeshare company." (Doc. No. 38-1, PageID# 193.)  A copy of the permanent injunction Simerka attached to his declaration mentions services including terminating or modifying timeshare ownership interests. (Doc. No. 49-1.)

registered agent for service of process as of January 11, 2022." (*Id.* at PageID# 242, ¶¶ 12, 13.)
Simerka states that, "[i]f Northwest Registered Agent Service was served with a document for
[MWS] prior to that date," he "never received it, likely because [the] company was shut down."
(*Id.* at PageID# 242, ¶ 14.) He states that the registered agent service notified him that it accepted
service of a document for MWS on March 28, 2022, but that he "did not retrieve the document
. . . , because Northwest Registered Agent required payment of $125 to bring the account back to
current to obtain the document" and he did "not want to bring the account current . . . ."[2] (*Id.* at
PageID# 242, ¶¶ 16, 17.) Simerka states that neither he nor MWS ever received a copy of the
subpoena and the only reason he is aware of it is because the Archambeaults' counsel forwarded
the Wyndham Defendants' motion to compel to Simerka's current counsel. (Doc. No. 49-1.)

As an initial matter, the Court must address whether Simerka can oppose the Wyndham
Defendant's motion to compel on behalf of MWS under Tennessee Code Annotated § 48-249-622,
which provides that, "[a]fter the existence of an LLC has been terminated, any of its former
managers, directors, officers or members may assert or defend, in the name of the LLC, any claim
by or against the LLC." Tenn. Code Ann. § 48-249-622. The Wyndham Defendants argue that
"Simerka does not have standing to challenge the [s]ubpoena or otherwise represent MWS *pro se*"
and cite this Court's opinion in *Diamond Resorts International, Inc. v. Phillips*, No. 3:17-cv-
01124, 2018 WL 4328257, at *2 (M.D. Tenn. July 16, 2018), in support of their argument. (Doc.
No. 51, PageID# 265.) In that case, the Court found that "[o]rdinarily a party has no standing to
seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting
party claims some personal right or privilege with regard to the documents sought." 2018 WL

---

[2]     Simerka states that this document was likely the "Court's March 22, 2022 Order . . . ."
(Doc. No. 49, PageID# 237.)

4328257, at *2 (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed.)). But Simerka is not a party to this action—he has appeared only in his capacity as nonparty MWS's former chief executive member to defend MWS against the Wyndham Defendants' motion to compel, which state law authorizes him to do. *See* Tenn. Code Ann. § 48-249-622. Further, Simerka does not appear pro se. He therefore has not violated the general rule in "this circuit . . . that a corporation cannot appear in federal court except through an attorney." *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). Simerka may oppose the subpoena under Tennessee Code Annotated § 48-249-622.

Simerka's primary argument for denying the Wyndham Defendants' motion to compel is that neither he nor MWS was served with the subpoena (Doc. No. 49), but the record demonstrates otherwise. Simerka states in his declaration that Northwest Registered Agent Service was MWS's registered agent for service of process until January 11, 2022. (Doc. No. 49-1.) The Wyndham Defendants have filed an affidavit of service showing that the subpoena was hand-delivered to Northwest Registered Agent, Inc., on December 2, 2021 (Doc. No. 38-2), before MWS terminated its agent's services on January 11, 2022 (Doc. No. 49-1). Simerka appears to argue that service was nevertheless invalid because he did not actually receive a copy of the subpoena, but Simerka has not cited any legal authority to support this position and the Court is not aware of any. Courts generally find that "[s]ervice [of a subpoena] on an agent of a corporation is sufficient . . . even though the agent on whom service is made does not have control of the books and records required to be produced[.]"[3] 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2454 (3d ed. updated Apr. 2022).

---

[3]     The Wyndham Defendants have also filed a declaration stating that a process server attempted to contact Simerka and serve him with a copy of the subpoena for MWS in December 2021, but Simerka did not return a message left by phone with a person who identified

Simerka further argues that his former attorney already informed counsel for the Wyndham Defendants that Simerka does not have any responsive documents that were not already produced to the Wyndham Defendants in prior litigation. (Doc. No. 49.) The emails attached to Simerka's declaration show that Oakley told counsel for the Wyndham Defendants that "Simerka already provided Wyndham with all of his records for Wyndham clients" and that MWS "ha[d]n't retained any records that ha[d]n't already been provided." (Doc. No. 49-1, PageID# 258.) However, the emails also show that the Wyndham Defendants' counsel responded that the MWS records provided in prior litigation did not include records for the Archambeaults and asked Oakley to have Simerka confirm whether he had the Archambeaults' records. (Doc. No. 49-1.) Oakley responded that he had contacted Simerka and would let the Wyndham Defendants' counsel know Simerka's response, but Oakley did not convey any further word from his client. (*Id.*) Simerka's declaration submitted in response to the motion to compel summarizes Oakley's email correspondence with the Wyndham Defendants' counsel but does not directly address whether the requested records exist. (Doc. No. 49-1.)

Simerka has not argued that the requested records are not relevant or discoverable in this action, and it is well established that "[t]he scope of permissible discovery" under the Federal Rules of Civil Procedure "is 'traditionally quite broad[.]'" *Stevenson v. Gap, Inc.*, Civ. No. 3:05-0135, 2006 WL 8457570, at *3 (M.D. Tenn. Mar. 17, 2006) (Trauger, J.) (quoting *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Simerka's position that MWS no longer employed an agent for service of process at the time the Wyndham Defendants served the subpoena is not supported by the record. Further, while Simerka's response to the subpoena may be that he

---

herself as Simerka's spouse and the process server was unable to serve Simerka independently at his personal residence, which is in a gated community. (Doc. No. 51-1.)

has not retained any documents related to the Archambeaults, he has not made that response to date. The Wyndham Defendants' motion to compel MWS's compliance with the subpoena therefore will be granted.

## IV. Conclusion

For these reasons, the Wyndham Defendants' motion to compel (Doc. No. 38) is GRANTED.

MWS is ORDERED to produce the requested documents or a sworn statement that it does not have the requested documents by May 30, 2022. If MWS fails to do so and the Wyndham Defendants still seek the requested records, the Wyndham Defendants may file a motion to hold MWS in contempt under Rule 45(g).

The Clerk of Court is DIRECTED to email a copy of this Memorandum Order to Simerka's counsel at kristin@fecteaulaw.com.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

9